IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Official Committee of Unsecured Creditors**, | |
| Plaintiff, | Civil Action No. 21-417-MN |
| v. | Bankruptcy Case No. 20-12836 (JTD) |
| **James Alexander**, | PUBLIC VERSION – FILED APRIL 6, 2021 |
| Defendant. | |

## DEFENDANT JAMES ALEXANDER'S
## OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT

James Alexander ("Mr. Alexander") hereby responds to the Emergency Motion of the Official Committee of Unsecured Creditors (the "Committee") of Cred Inc., *et al.* (the "Debtors") for an Order (I) Holding James Alexander in Contempt of Court and (II) Issuing a Bench Warrant for the Arrest and Detention of James Alexander [Bankr. Docket No. 643] (the "Contempt Motion") and respectfully states as follows:

1. This matter arises from the Contempt Motion filed by the Committee in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which seeks an order: (i) holding James Alexander ("Alexander") in contempt of court for allegedly failing to comply with the Bankruptcy Court's Order Approving the Emergency Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting (I) Temporary Restraining Order and Preliminary Injunction Against James Alexander and (II) Related Relief (the "Emergency Order"); and (ii) issuing a bench warrant for Alexander's arrest and detention until he complies with the Emergency Order.[1]

---

[1] *See* Bankr. Docket No. 486.

2. On February 3, 2021, claiming that Mr. Alexander violated the California Freeze Order[2] by transferring certain assets on January 16 and 17, 2021, the Committee filed the Emergency Motion, which sought a temporary restraining order: (i) restraining Mr. Alexander from executing further transactions involving the Assets; (ii) directing Mr. Alexander to immediately transfer the Assets into escrow; and (iii) directing Mr. Alexander to produce expedited discovery to develop further information related to the Assets and Mr. Alexander's personal finances.

3. On February 5, 2021, the Bankruptcy Court held an emergency hearing, granted the Emergency Motion, and directed Alexander to turnover the Debtors' estates' assets in his possession, including cryptocurrency, provide expedited discovery, and sit for a deposition.

4. On February 23, 2021, counsel to Mr. Alexander moved to withdraw as his counsel of record (the "Motion to Withdraw as Counsel") [Bankr. D.I. 558]. The Motion to Withdraw as Counsel was heard by the Bankruptcy Court on March 17, 2021. Judge Dorsey denied the Motion to Withdraw as Counsel without prejudice, noting that there was still work to be done by Mr. Alexander to more fully comply with the Emergency Order which would require assistance of counsel. As such, Judge Dorsey adjourned the Motion to Withdraw as Counsel to be heard again at a later time.

5. On March 15, 2021, the Committee filed, but did not serve upon Mr. Alexander, the Contempt Motion in the Bankruptcy Court, claiming that Alexander has failed to comply with the Emergency Order.[3]

---

[2] Capitalized terms not otherwise defined herein shall be given the meaning ascribed to them in the Committee's Contempt Motion.

[3] On March 17, 2021, the Bankruptcy Court instructed the Committee to file its Withdrawal Motion so that the Contempt Motion could be heard by this Court. *See* Exhibit B to the Committee's Motion for Withdrawal of Reference [D.I. 1], March 17, 2021 Hr'g Tr. at 14:4-11.

6. This is not true and Mr. Alexander has complied with the Bankruptcy Court's Emergency Order to the best of his ability.

7. Specifically:

    a. On February 7, 2021, pursuant to the Bankruptcy Court's Emergency Order, Mr. Alexander provided the Committee with his Declaration of James Mr. Alexander (the "First Declaration");[4]

    b. On February 8, 2021, Mr. Alexander served his Responses and Objections to the Official Committee of Unsecured Creditors' Interrogatories and Demands for Production of Documents – Part 1.[5] In the days immediately following provision of the First Declaration and the Committee propounding Discovery Requests, Mr. Alexander provided the Committee with responsive documents, including: (i) account statements for Mr. Alexander's JP Morgan Chase Bank, N.A. account ending x6006, (ii) ) account statements for Mr. Alexander's Wells Fargo Business Choice Checking account (dba James Alexander Cred) ending x9285, certain screenshots from Alexander's Coinbase account, (iii) the transaction history report from Alexander's Coinbase Account, (iv) the log from Alexander's

---

[4] A true and correct copy of the First Declaration is attached hereto as Exhibit A.

[5] On February 8, 2021, the Committee propounded two-part discovery requests (the "Discovery Requests") on Alexander, included ninety-five (95) interrogatories and thirty-seven (37) requests for production of documents. A true and correct copy of Mr. Alexander's Responses and Objections to the Official Committee of Unsecured Creditors' Interrogatories and Demands for Production of Documents – Part 1 is attached hereto as Exhibit B.

        Hardware Wallet; (v) Meghan Gardler's Consulting Agreement, and (v) a LedgerLive operations log;[6]

c.   Mr. Alexander sat for deposition on February 9, 2021;[7]

d.   On March 16, 2021, Mr. Alexander provided the Official Committee with his Responses and Objections to the Official Committee of Unsecured Creditors' Interrogatories and Demands for Production of Documents – Part II[8] and produced documents responsive to the Part II Requests for Production, including: (i) Mr. Alexander's Experian Credit Report, (ii) .csv records of all activity in Mr. Alexander's Wells Fargo Custom Management Checking account ending x1923, (iii) Mr. Alexander's Form 1040 Individual Tax Returns for the years 2017, 2018, and 2019, and (iv) Mr. Alexander's personal bankruptcy schedules which list his personal assets and provide much of the information the Committee sought in its Interrogatories.[9] Mr. Alexander also provided the Committee with a

---

[6] A true and correct copy of Alexander's February Production documents is attached hereto as Exhibit C.

[7] Mr. Alexander sat for and fully participated in the deposition until such time as his personal bankruptcy case was filed, halting the deposition due to the automatic stay. The Committee has moved for, and was granted, lifting of the automatic stay, but has not re-noticed the deposition of Mr. Alexander. Mr. Alexander remains available to continue the Committee's deposition of him at a mutually agreed-upon time. A true and correct copy of the Transcript of the Deposition of James Alexander is attached hereto as Exhibit D.

[8] A true and correct copy of Alexander's Responses and Objections to the Official Committee of Unsecured Creditors' Interrogatories and Demands for Production of Documents – Part II is attached hereto as Exhibit E.

[9] A true and correct copy of Alexander's March 16 Production documents is attached hereto as Exhibit F.

                Supplemental Declaration of James Alexander (the "Supplemental Declaration") on March 17, 2021;[10]

e.    On March 30, 2021, Mr. Alexander provided a letter to the Committee answering many of the questions posed by the Committee in their March 21, 2021 letter[11] which included a list of perceived deficiencies in Mr. Alexander's discovery responses. In addition, Mr. Alexander provided a Second Supplemental Declaration of James Alexander (the "Second Supplemental Declaration"), Supplemental Responses and Objections to the Committee's Part II Discovery Requests, and producing additional documents, including: (i) account statements from June 2019 through January 2021 for Mr. Alexander's JP Morgan Chase Bank, N.A. account ending x6006, (ii) account statements from August 2020 through February 2021 and a Check Register for Mr. Alexander's Wells Fargo Business Choice Checking account (dba James Alexander Cred) ending x9285, (iii) account statements from June 2019 through February 2021 and a Check Register for Mr. Alexander's Wells Fargo Custom Management Checking account ending x1923, (iv) account statements from February 2021 for Mr. Alexander's Wells Fargo Everyday Checking account (Debtor in Possession Ch 11 Case 12-10214 (CCA)) ending x0816, (v) account statements from June 2019 through February 2021 for Mr. Alexander's Wells Fargo Business Everyday Checking account ending x2155, (vi)

---

[10] A true and correct copy of the Supplemental Declaration is attached hereto as Exhibit G.

[11] A true and correct copy of the Committee's March 21, 2021 letter is attached hereto as Exhibit H.

    account statements from July 2020 through February 2021 for Mr. Alexander's Wells Fargo Way2Save Savings account ending x6552; (vii) a screen shot of Mr. Alexander's Bittrex account, and (viii) screen shots of Mr. Alexander's Coinbase account;[12] and

  f. Finally, Alexander has turned over all cryptocurrency and proceeds from liquidated cryptocurrency traceable to Debtors, amounting to millions of dollars worth of Bitcoin and USD Coin.[13]

  8. In summary, Alexander has turned over all Assets in his possession belonging to or traceable to Debtors, sat for deposition on February 9, 2021, until such time has his personal bankruptcy filing and the automatic stay halted it, and has responded to the Committee's discovery requests to the best of his ability. He has made three productions of documents, responded to all Discovery Requests and, indeed, supplemented his responses and objections, provided three declarations, and made himself available for deposition. Mr. Alexander has complied with the Bankruptcy Court's Emergency Order to the best of his ability, and continues to work with the Committee to provide reasonable responses to their requests.

  9. Mr. Alexander respectfully requests that the Committee's Contempt Motion be denied as the Committee has failed to sufficiently show that Mr. Alexander has failed to comply with the Emergency Order.

---

[12] A true and correct copy of Mr. Alexander's March 30, 2021 production file is attached hereto as Exhibit I.

[13] Alexander currently has 4,374,799 LBA tokens and 1 BTC token in his control in a Bittrex account. However, Alexander's Bittrex account has been disabled for several months. Efforts are ongoing to get the account re-enabled. As soon as the assets are available, the LBA will be transferred to the Debtor and the BTC will be transferred to the California Bankruptcy Trustee. A true and correct copy of Alexander's February 6, 2021 Notice of Transfer of Assets is attached hereto as Exhibit J.

WHEREFORE, Mr. Alexander respectfully requests that the Committee's Contempt Motion be denied.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

<u>/s/  Geoffrey G. Grivner</u>
Geoffrey G. Grivner (#4711)
Mark Pfeiffer (admitted *pro hac vice*)
919 North Market Street, Suite 990
Wilmington, DE 19801
Telephone:  (302) 552-4200
Facsimile:   (302) 552-4295
Email: geoffrey.grivner@bipc.com

*Attorneys for James Alexander*

Dated:  April 6, 2021