

**Geoffrey G. Grivner**
302 552 4207
geoffrey.grivner@bipc.com

919 North Market Street, Suite 990
Wilmington, DE  19801-3036
T 302 552 4200
F 302 552 4295

April 15, 2021

**VIA CM/ECF**

The Honorable Maryellen Noreika
United States District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 31, Room 4124
Wilmington, Delaware 19801-3555

    Re: *Official Committee of Unsecured Creditors of Cred, Inc. v. James Alexander,*
         No. 21-cv-417

Dear Judge Norieka:

    I write on behalf of James Alexander ("Mr. Alexander") to briefly respond to the letter submitted to Your Honor today by the Official Committee of Unsecured Creditors of Cred, Inc. (the "Committee") in the above-referenced action. While we understand Your Honor's Oral Order this afternoon granted the Committee's request for an adjournment of the hearing on the Committee's Motion for Contempt, we wish to communicate Mr. Alexander's current position regarding the pending Motion.

    On the afternoon of Monday April 12, 2021, counsel received a letter from the Committee outlining certain purported deficiencies in Mr. Alexander's responses to the Committee's discovery requests under the Bankruptcy Court's Emergency Order dated February 5, 2020. The Committee requested a response in less than two days, on February 14, 2021. We conferred with Mr. Alexander promptly, and submitted a response to the Committee's April 12th letter on April 14th, as requested.[1]

    To date, Mr. Alexander has, *inter alia*, (i) responded, and objected where appropriate, to the Committee's various requests for production and (ii) produced thousands of pages of responsive documents, (iii) sat for deposition on February 9, 2021 until his personal bankruptcy

---

[1] The Committee paints the picture of Mr. Alexander delaying his submissions to the Committee. *See* April 12, 2021 Letter ("Given that the Committee just received this submission yesterday…"). To the contrary, Mr. Alexander's most recent submission was delivered on the date the Committee specifically requested.

April 15, 2021
Page - 2 -

filing triggered the 11 U.S.C. § 362 automatic stay, (iv) provided three versions of his Declaration, and (v) turned over to Debtors all cryptocurrency, fiat, and cash in his possession traceable to the Debtors, and (vi) continues to be responsive to and cooperative with the Committee's continuing requests. In short, Mr. Alexander has complied, and continues to comply, with the Bankruptcy Court's Emergency Order.

On March 31, 2021, the day before the originally scheduled date for the Committee's Contempt Motion to be heard by Your Honor, the Committee requested, and we did not object to, an adjournment of the hearing based upon Mr. Alexander's supplemental production of documents and submissions made on March 30, 2021. Mr. Alexander's reason for not consenting to this second adjournment request was that the Committee's Motion for Contempt is ripe to be heard and should proceed. The Committee's use of this pending motion as leverage over Mr. Alexander, repeatedly seeking adjournment rather than litigating, is, in our view, improper.

For the foregoing reasons, Mr. Alexander did not consent to the Committee's request for adjournment. We of course understand and will comply with the Court's Oral Order and will be prepared to be heard by Your Honor on May 6, 2021.

Should Your Honor have any questions, I am available at your convenience.

Respectfully submitted,

*/s/ Geoffrey G. Grivner*

Geoffrey G. Grivner (#4711)

Cc:   All Counsel of Record