

**Geoffrey G. Grivner**
302 552 4207
geoffrey.grivner@bipc.com

919 North Market Street, Suite 990
Wilmington, DE  19801-3036

T 302 552 4200
F 302 552 4295

June 18, 2021

The Honorable Maryellen Noreika
United States District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801-3555

> Re: ***Official Committee of Unsecured Creditors of Cred Inc. v. James Alexander,***
> **Case No.: 1:21-cv-00417-MN**

Dear Judge Noreika:

I write on behalf of James Alexander ("Mr. Alexander") in the above-referenced action regarding Your ruling of June 14, 2021 (the "Ruling") granting in part and denying in to the Official Committee of Unsecured Creditors of Cred Inc. (the "Committee")'s Emergency Motion for an Order (I) Holding James Alexander in Contempt of Court and (II) Issuing a Bench Warrant for the Arrest and Detention of James Alexander (the "Motion"). Specifically, I write to address certain issues in the Committee's June 7 Submission which resulted in the transactions listed in Section 6 of the Committee's June 14 Letter being left out of the Alexander Declaration. I request that these transactions not be subject to the adverse inference Your Honor contemplated in your June 14 ruling, and that Mr. Alexander be afforded the opportunity to respond to these transactions.

As Your Honor is aware, certain Exhibits to the Committee's June 7 Submission (Exhibits F, G, I, and K) were missing highlighting entirely or were not attached. On June 8, 2021, to remedy these issues we identified, counsel for the Committee sent individual copies of all of the Exhibits, despite that we only identified issues with Exhibits F, G, and I. At no time prior to its June 14 Letter or thereafter did the Committee indicate that there were errors with any Exhibits other than F, G, I, or K.

On June 14, 2021, less than two hours before the teleconference, the Committee served a 10-page letter identifying certain deficiencies in the Alexander Declaration (the "June 14 Letter"). In Section 6 of the June 14th Letter, the Committee identified 16 purported transactions that "Alexander's June 11, 2021 Submission fails to address." All transactions listed in Section 6 came from Committee's Exhibit E to its June 7 Submission.

June 18, 2021
Page - 2 -

It has come to my attention since the June 14 teleconference, that the reason the Section 6 transactions were not addressed in the Alexander Declaration is because they were *not* highlighted in the Committee's June 7 Submission. Exhibit E submitted by the Committee on June 7 contained extensive highlighting and the Committee never indicated any error with the document as filed with the Court and served upon me. At no time did the Committee inform me and Mr. Alexander that there were any issues with its June 7 Submission apart from those identified in my June 8 Letter. In short, I and Mr. Alexander were wholly unaware of any additional issues with the Committee's June 7 Submission, including that Exhibit E was apparently missing highlights on certain transactions.

I e-mailed counsel for the Committee on June 16, 2021 to notify them of this issue and to request that Mr. Alexander be afforded the opportunity to respond to these Section 6 transactions, and that they not be subject, at this stage, to the adverse inference Your Honor ordered in the June 14, 2021 teleconference. The Committee refused.

Due to the issues identified herein, Mr. Alexander cannot agree to the Committee's proposed form of order. Enclosed herewith are Mr. Alexander's proposed form of order, taking into account the issues identified herein, and a redline comparison to the Committee's proposed form of order.

Should Your Honor have any questions, I am available at your convenience.

Respectfully submitted,

*/s/ Geoffrey G. Grivner*

Geoffrey G. Grivner (#4711)

Enclosures:    Exhibit A – Clean Proposed Form of Order
               Exhibit B – Redline Proposed Form of Order

Cc:    All Counsel of Record