**mwe.com**

Ethan H. Townsend
Attorney at Law
ehtownsend@mwe.com
+1 302 485-3911

June 18, 2021

**VIA ECF**

The Honorable Maryellen Noreika
District Court of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 31, Room 4124
Wilmington, Delaware 19801-3555

Re:   *Official Committee of Unsecured Creditors of Cred, Inc. v. James Alexander*, No. 21-cv-417

Dear Judge Noreika:

We write on behalf of the Cred Inc. Liquidation Trust, as successor-in-interest to the Official Committee of Unsecured Creditors of Cred Inc. (the "Trust"). As the Court knows, during a hearing on June 14, 2021 (the "June 14, 2021 Hearing"), the Court granted in part and denied in part the Trust's motion for contempt. Per the Court's direction during the Hearing and the Minute Entry of the same date, the Trust has attached a proposed order.

We have shared the proposed order with counsel for Mr. Alexander. Unfortunately, we were unable to reach an agreement. We understand that Mr. Alexander will be submitting a proposed order of his own.

Mr. Alexander refuses to agree to a proposed order that includes a sanction for the transactions set forth in Section 6 of the Trust's June 14, 2021 submission (ECF No. 27 (the "June 14, 2021 Submission")), for which Mr. Alexander did not provide any responses. Mr. Alexander takes this position despite the following ruling from the Court:

> I do think [Mr. Alexander's] conduct requires a sanction, therefore, as a sanction I am going to determine that Mr. Alexander is precluded from challenging that the transactions in Sections 1, 2, 3, 6, and 7 in the Trust's June 14th letter, he is precluded from challenging that those transactions were made for an improper purpose. He is precluded from challenging that he did not have the right to make the transfers listed in those sections.

(June 14, 2021 Hearing Tr. at 22.)

Based on correspondence with counsel for Mr. Alexander, we understand that Mr. Alexander will be arguing that his failure to explain the sixteen transactions identified in Section 6 of the Trust's June 14, 2021 Letter is due to a highlighting issue explained in greater detail below.



Letter to the Honorable Maryellen Noreika
June 18, 2021
Page 2

Mr. Alexander is effectively trying to use a proposed order to move to reargue, which is not the appropriate procedural mechanism. Even if it were, the application is meritless. *See* Del. Loc. Civ. R. 7.1.5(a) ("Motions for reargument shall be sparingly granted.") Mr. Alexander's last-ditch effort to evade the Court's imposition of sanctions for his long history of non-compliance is inappropriate.

On June 7, 2021 at 11:04 PM, the Trust submitted a letter under seal to the Court containing a number of exhibits with transactions highlighted for Mr. Alexander to explain (ECF No. 22 (the "June 7, 2021 Submission")). That letter identified each exhibit and the number of transactions highlighted in each exhibit. Apparently, there was a technical issue due to email "scrubbing" that caused Mr. Alexander's counsel to initially not receive highlights on certain exhibits.

The Trust first became aware of this issue when Mr. Alexander filed a letter with the Court at 9:20AM on June 8, 2021 (ECF No. 23 (the "Alexander June 8, 2021 Letter")). The Trust immediately investigated and remedied the issue. The Trust emailed the final exhibits to counsel for Mr. Alexander at 9:42 AM. Counsel for Mr. Alexander confirmed at 10:43 AM that they had received the highlighted exhibits. The Trust advised the Court accordingly. (*See* ECF No. 27 (the "Trust June 8, 2021 Letter") ("This came as a surprise as we highlighted all of the exhibits prior to filing and sending a courtesy copy via email to counsel for Mr. Alexander. We have contacted our internet technology department about this issue. We are collectively uncertain as to why this issue occurred but suspect that the technical issue has to do with how our respective email "scrubbing" systems operate. We have now remedied the issue and received a confirmation email from counsel for Mr. Alexander at 10:43 AM that they are in possession of the highlighted copies of all of the exhibits.")). Accordingly, as of June 8, 2021, at 10:43 AM, Mr. Alexander was in possession of all of the appropriately highlighted exhibits to the June 7, 2021 Submission. Mr. Alexander was not in possession of all of the highlighted exhibits for less than twelve hours in the middle of the night.

On June 11, 2021, Mr. Alexander submitted a supplemental declaration explaining some of the transactions ("Alexander June 11, 2021 Submission"). On June 14, 2021, the Trust submitted a series of deficiencies in the Mr. Alexander's supplemental declaration, including the fact that he had not provided any explanation for sixteen transactions ("Trust June 14, 2021 Submission").

The Court held a hearing on June 14, 2021. The Court provided each side with ample opportunity to argue. Counsel for Mr. Alexander did not raise any issues concerning the sixteen transactions that Mr. Alexander had not explained, did not ask for more time to remedy the issue, and did offer any explanation as to why those transactions were unaddressed. As described above, the Court issued a sanction imposing an adverse inference against Mr. Alexander for all transactions identified in Sections 1, 2, 3, 6, and 7 and directed the Trust to confer with counsel for Mr. Alexander and to submit a proposed order.

On June 16, 2021, counsel for Mr. Alexander contacted the Trust stating that despite the Court's ruling, the proposed order should not contain an adverse inference for the transactions in Section 6 of the June 14, 2021 Submission. Mr. Alexander claims that his failure to address the transactions in Section 6 of the June 14, 2021 Submission was due to confusion concerning the highlights in Exhibit E of the June 7, 2021 Submission. Mr. Alexander claims that the Exhibit E that it received on June 7, 2021 did not



Letter to the Honorable Maryellen Noreika
June 18, 2021
Page 3

contain all of the highlights, but admits that the Exhibit E it received on June 8, 2021 contained all of the highlights.

Importantly, the June 7, 2021 Letter specifically stated that there were 58 transactions in Exhibit E. (*See* June 7, 2021 Letter ("Exhibit E. Wells Fargo Account (9285) (58 Transactions)). The highlighted Exhibit E that was admittedly received by Mr. Alexander on June 8, 2021 contained exactly 58 highlighted transactions. The transactions Mr. Alexander did not address were material. Some of them are significant transactions from Coinbase accounts that Mr. Alexander and his very competent counsel knew required explanation. (*See* June 14, 2021 Letter at 7 (12/31/20 Coinbase $39,998.73; 1/20/21 Coinbase $100,000; 1/20/21 Coinbase $100,000; and 1/28/21 Coinbase $150,000).)

Mr. Alexander has been obligated to provide information about these transactions since the Bankruptcy Court for the District of Delaware issued the Emergency Order on February 5, 2021. Mr. Alexander was in possession of all appropriately highlighted exhibits by June 8, 2021 at 10:43 AM. Mr. Alexander's June 8, 2021 Letter stated that, due to these highlighting issues he may "seek a reasonable extension for his responses." He never did so.

Mr. Alexander was also in receipt of the June 14, 2021 Letter prior to the Hearing. He could have responded concerning the sixteen transactions in Section 6 of the June 14, 2021 Letter. He never did so.

The Court provided Mr. Alexander with a full opportunity to be heard during the Hearing. Mr. Alexander could have raised this issue and stated that he was unaware of additional transactions that he had not explained in his supplemental declaration. He could have requested more time during the Hearing to remedy those missing transactions. He never did so. (*See* Hearing Tr. at 25 ("The Court: Anything else we need to discuss while we're on the phone? Mr. Grivner: No, Your Honor. Thank you.").)

This final submission by Mr. Alexander on June 11, 2021 was his "one more chance." (*See* June 2, 2021 Hearing Tr. at 33 ("I need to see if we can work it out and give the guy one more chance before I issue a bench warrant.").) Mr. Alexander is represented by competent counsel and has had every opportunity to provide the information required by the Emergency Order. Mr. Alexander's last ditch effort to avoid sanctions for his failure to do so should be rejected. Mr. Alexander's proposed order is effectively a motion to reargue. If Mr. Alexander files such a motion, the Trust will respond appropriately. We respectfully submit that the Trust's proposed order should be So Ordered.

                                                Respectfully submitted,

                                                /s/ *Ethan H. Townsend*

                                                Ethan H. Townsend (#5813)

cc:    Darren Azman
        Joseph B. Evans

