## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS OF CRED,<br>INC.,<br><br>　　　　　　Plaintiff.<br><br>　　　　v.<br><br>JAMES ALEXANDER,<br><br>　　　　　　Defendant. | C.A. No. 21-417 (MN) |

## **PROPOSED ORDER**

1.　Before the Court is Cred Inc. Liquidation Trust, as successor-in-interest to the Official Committee of Unsecured Creditors of Cred Inc. (the "Trust")'s Emergency Motion for an Order (I) Holding James Alexander in Contempt of Court and (II) Issuing a Bench Warrant for the Arrest and Detention of James Alexander (the "Motion"). Based on the filings submitted by both parties, and the hearings held on June 2, 2021 and June 14, 2021, it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part.

2.　The Court GRANTS the motion and finds that Mr. Alexander is in contempt for failing to comply with emergency order issued by the United States Bankruptcy Court for the District of Delaware on February 5, 2021 (the "Emergency Order").

3.　The Court ORDERS that, as a sanction, for the transactions identified in Sections 1, 2, 3, 6, and 7, of the Trust's June 14, 2021 Letter (ECF No. 27) (the "Subject Transactions"), Mr. Alexander is precluded from ever challenging that the transactions were made for an improper purpose.

4. The Court further ORDERS, that, as a sanction, Mr. Alexander is precluded from challenging that he did not have the right to execute the Subject Transactions.

5. The Court ORDERS that:

   a. By no later than June 16, 2021, Mr. Alexander is required to produce the information concerning foreign bank accounts as requested in Section 4 of the Trust's June 14, 2021 Letter;

   b. By no later than June 21, 2021, The Trust may identify transactions for further explanation;

   c. By no later than June 24, 2021, for each transaction identified by the Trust, Mr. Alexander is required to submit to the Trust and the Court under seal, a sworn statement identifying the (a) counter-parties to each transaction (name, physical address, phone number, email address); and (b) an explanation of the purpose of each transaction; and

   d. The Trust is permitted to submit a letter to the Court requesting a status conference concerning compliance with this Section 5.

6. The Court ORDERS that by June 24, 2021, Mr. Alexander submits a sworn declaration that is identical to the declaration Mr. Alexander submitted on May 10, 2021 that complies with 28 U.S.C. § 1746.

7. To the extent that the Trust identifies further suspect accounts or transactions, the Trust may seek an order as to those accounts or transactions, similarly precluding Alexander from challenging that those transactions were made for an improper purpose.

* * *

SO ORDERED this _____ day of June 18, 2021

                                                                                                               _____
                                                                                                               The Honorable Maryellen Noreika
                                                                                                               United States District Judge