

mwe.com

Ethan H. Townsend
Attorney at Law
ehtownsend@mwe.com
+1 302 485-3911

June 14, 2021

**VIA ECF (UNDER SEAL)**

The Honorable Maryellen Noreika
District Court of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 31, Room 4124
Wilmington, Delaware 19801-3555

Re:      *Official Committee of Unsecured Creditors of Cred, Inc. v. James Alexander*, No. 21-cv-417

Dear Judge Noreika:

We write on behalf of the Cred Inc. Liquidation Trust, as successor-in-interest to the Official Committee of Unsecured Creditors of Cred Inc. (the "Trust"), concerning the June 11, 2021 letter and declaration filed by James Alexander (the "June 11, 2021 Submission").

**1.      Transactions for Which the Purpose is "Unknown"**

In the June 11, 2021 Submission, Alexander claims an "unknown" purpose for a series of transactions. (*See* June 11, 2021 Submission, ECF No. 23 ¶¶ 12, 13, 15, 18-21.) As discussed during the June 2, 2021 hearing, we respectfully request that the Court find that each of those transactions was fraudulent. Each of the transactions are in bank accounts funded by the proceeds of liquidation of cryptocurrency that Alexander admittedly took from Cred. The transactions are set forth below:





**1007 North Orange Street 4th Floor   Wilmington, DE 19801   Tel +1 302 485 3911   Fax +1 302 351 8711**
*US practice conducted through McDermott Will & Emery LLP.*

Letter to the Honorable Maryellen Noreika
June 14, 2021
Page 2



McDermott
Will & Emery

Letter to the Honorable Maryellen Noreika
June 14, 2021
Page 3

███████████████████████████████████████

## 2.      Transactions for "Reimbursement" of Unknown "Estimated" Expenses

Alexander also provided an inadequate explanation regarding a number of transactions for "reimbursement" of "estimated expenses." (*See* June 11, 2021 Submission, ECF No. 23  ¶¶ 50, 67, 68, 72.)  Alexander does not identify what person or entity received these "estimated expenses" and does not identify the "expenses."  These vague descriptions are equivalent to the "unknown" descriptions described in the prior section.  Accordingly, the Trust respectfully requests that the Court also issue an order that these transactions were fraudulent.  The specific transactions are presented in the table below.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████



Letter to the Honorable Maryellen Noreika
June 14, 2021
Page 4



### 3.     Cash Withdrawals for Payments to Consultants Which Were Never Provided to Consultants

Alexander provided details about a series of cash withdrawals that were described as an "anticipated withdrawal for payment of consulting services," but since the consultant never signed the consulting agreement, "no payment was made."  (June 11, 2021 Submission ¶¶ 11, 12, 14, 15.)  This description is a different from Alexander's initial responses, in which Alexander stated that these were "counter-checks" paid to consultants:

> Question:  Okay.  The description says "Withdrawal made in a branch/store."  Do you see that?

> Answer:  Yeah.  Unfortunately, you—those notations all say withdrawal, but some, if not all, of those transactions are counter checks, which is just a cheaper way to transfer directly to Wells Fargo accounts.  And those are payments to consultants, so I would have to get back to you to see exactly who that payment was to."

(Deposition of James Alexander, dated February 9, 2021, Exhibit B to the Trust's June 1, 2021 Letter, ECF No. 20 (the "Feb. 9 Dep. Tr.") at 48.)

Alexander previously produced an unsigned copy of the consulting Agreement between Alexander and Mr. DeMetz.  (*See* May 11, 2021 Alexander Production at 40.)  Alexander only provided unsigned consulting agreements for each of the consultants – Mr. Demetz, Next Leaders (Colin Lake),[1] Megan Gardler, and Olivia Sulitzer.  Alexander (and not Cred Capital) was the counter-party to each of the consulting agreements.  It is unclear why Alexander paid the other consultants who had not signed consulting agreements, but apparently just withdrew cash for Mr. Demetz but never paid him.  Alexander's use and payment of these "consultants" at a time when Cred Capital had no business, clients, or revenue is still a mystery.

Thus, for each of the below transactions, the Trust seeks the following:  (1) the current location of the cash; and (2) if Alexander no longer has possession of the cash, a description of how the cash was spent or who the cash was given to (date, name, phone number, address, email) and the purpose for the transaction.  If Alexander is unable to provide these responses, the Trust requests that the Court issue an order that these transactions were fraudulent.  The transactions at issue are set forth below:

---

[1]

McDermott
Will & Emery

Letter to the Honorable Maryellen Noreika
June 14, 2021
Page 5

**4.      Additional Bank Account**

Despite being asked multiple time under oath about foreign bank accounts, Alexander previously refused to identify any foreign bank accounts. Alexander has not produced any information concerning foreign bank accounts and did not disclose any foreign bank accounts on his bankruptcy schedules.

However, in the June 11, 2021 Submission, Alexander revealed for the first time that he opened a bank account in ███████████████████████ (*See* June 11, 2021 Submission ¶ 4.) The Trust has not received any documentation concerning this account or any other foreign bank account. Alexander is required to produce that information to the Trust pursuant to Judge Dorsey's February 5 Emergency Order (the "Feb. 5 Emergency Order"). Following Alexander's production of the KurveyTurk account statements, the Trust intends to identify transactions and requests that Alexander be required to provide the sender (name, address, phone number, email address), recipient (name, address, phone number, email address), and an explanation.



Letter to the Honorable Maryellen Noreika
June 14, 2021
Page 6

**5.      Alexander's Coinbase Accounts**

On June 8, 2021, Alexander participated in a zoom conference with the Trust's cryptocurrency tracing experts from CipherTrace.  During that Zoom conference, the Trust uncovered an additional Coinbase wallet.  Alexander provided CipherTrace with access to that Coinbase wallet and the Trust downloaded records.  Alexander had not previously provided these records.  The Trust is still investigating whether there are other cryptocurrency accounts or wallets that Alexander owns or controls.

**6.      Alexander's Declaration Fails to Address Numerous Identified Transactions**

Alexander's June 11, 2021 Submission fails to address 16 of the transactions identified by the Trust in its June 7, 2021 letter (ECF No. 22).  At the June 2, 2021 hearing, the Court gave Alexander a final chance to comply. Accordingly, the Trust respectfully requests that the Court issue a finding that each transaction specified below is fraudulent.  Alexander did not address the following transactions that the Trust identified in Exhibit E, ███████████



Letter to the Honorable Maryellen Noreika
June 14, 2021
Page 7

### 7.     Alexander's Incomplete Responses Regarding Cryptocurrency Transactions

Alexander was required to identify the sender and recipient for each of the identified transactions.  (*See* Jun 2 Hrg. Tr. at 36.)  Alexander failed to disclose the sender and recipient for a series of cryptocurrency transactions.  For many of these transactions, Alexander stated that they were a "return of principal and interest from short-term interest-bearing placements of Cred assets," but did not identify the counter-party to any of these transactions.  (*See* June 11, 2021 Submission ¶¶ 7-19, 28, 34.)   Accordingly, the



Letter to the Honorable Maryellen Noreika
June 14, 2021
Page 8

Trust respectfully requests that the Court issue a finding that each of the transactions described below was fraudulent:



McDermott
Will & Emery

Letter to the Honorable Maryellen Noreika
June 14, 2021
Page 9



**8.**

Letter to the Honorable Maryellen Noreika
June 14, 2021
Page 10



* * *

Accordingly, we respectfully request the Court order the following:

(1)     find the transactions enumerated above in sections 1, 2, 6, and 7 to be fraudulent;

(2)     as described in section 3, order Alexander to provide the current location of the cash or, if no longer in his possession, the date the cash was spent or transferred, the recipient (name, physical address, phone number, email) and purpose of the transactions by June 16, 2021; and

(3)     as described in section 4, require Alexander to produce all account statements and transaction record for the bank account Alexander holds in ███████████ ████████████ by June 16, 2021 in order for the Trust to identify transactions in those records for Alexander to identify the sender (name, physical address, phone number, email), recipient (name, physical address, phone number, email), and purpose of the transactions.

Respectfully submitted,

/s/ *Ethan H. Townsend*

Ethan H. Townsend (#5813)

cc:     Timothy W. Walsh
        Andrew B. Kratenstein
        Darren Azman
        Joseph B. Evans


McDermott
Will & Emery